(No. 808—Claimant awarded $300.00.)

DAVID MARCELIUS UPCHURCH, Claimant, *vs.* STATE OF ILLINOIS,
Respondent.

*Opinion filed April 16, 1925.*

RESPONDEAT SUPERIOR—*doctrine not applicable to the State.* Under the
doctrine of *Respondeat Superior* the State is not liable for injuries sustained
by its employees while in the performance of their duty.

SOCIAL JUSTICE AND EQUITY—*award may be made.* While the State is not
liable, an award may be made to an injured employee, as a matter of social
justice and equity.

K. C. RONALDS, for claimant.

OSCAR E. CARLSTROM, Attorney General; GEORGE C. DIXON,
Assistant Attorney General, for respondent.

Mr. CHIEF JUSTICE CLARITY delivered the opinion of the
court:

This is a claim brought to recover compensation for in-
juries to the claimant while employed as a gardner for the
Watertown State Hospital. It appears that while in the
course of his employment he jumped from a wagon and broke
his left leg above the ankle.

As a matter of law, the demurrer filed by the defendant
should be sustained, but as a matter of social justice and
according to the position heretofore taken by this court, that
employees of the State should have the same benefits that
would accrue to them under the Workmen's Compensation
Act, were they employed by private corporations.

It appears from the record that the injury occurred on
October 9, 1922, and that, according to the custom of the
department under which he was working, he was allowed a
month's salary. Therefore, his compensation should only
begin November 9, 1922. He was paid $75.00 per month, with
room and board, by the State, and before he was employed
by the State he received not to exceed $1200.00 per year. It
appears to the court that he ought to be allowed a compensa-
tion for about six months.

It is therefore ordered that the claimant be allowed the
sum of $300.00.